FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 MAR 22 PM 2:52

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DIESELMOTORENWERK ROSTOCK | * | CIVIL ACTION NO. **02-0867** |
| VERSUS | * | |
| | * | SECTION " "  **SECT. F MAG. 2** |
| LUMAR (BARCELONA), S.A., *in personam* | * | |
| | * | MAGISTRATE ( ) |

## VERIFIED COMPLAINT

The Verified Complaint of Dieselmotorenwerk Rostock (hereinafter "DMW"), against Lumar (Barcelona), S.A. ("Lumar"), *in personam*, stating an admiralty and maritime claim pursuant to the admiralty jurisdiction of this Honorable Court and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, with respect, represents upon information and belief as follows:

I.

Jurisdiction is proper pursuant to 28 U.S.C. § 1333, Rule 9(h) and Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.



552563_1.DOC

II.

At all times material hereto, Plaintiff, DMW, was and is a legal entity organized and existing pursuant to the laws of a foreign country.

III.

At all times material hereto, the M/V SEA ADMIRAL was and still is a vessel bearing Official No. 5682 and believed to be 173.51 meters in length overall, 15,893 gross tons, and within the territorial jurisdiction of this Honorable Court.

IV.

At all times material hereto, Defendant Lumar (Barcelona), S.A. was and is a corporation organized and existing under the laws of a foreign country and the beneficial owner of the M/V SEA ADMIRAL.

V.

At all times material hereto, the registered owner of the M/V SEA ADMIRAL was and is Creek Marine Ltd.

VI.

Defendant, Lumar (Barcelona), S.A., upon information and belief, cannot be found within the territorial jurisdiction of this Court, as contemplated by Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but said Defendant has goods and chattels within this District subject to seizure and attachment, namely the M/V SEA ADMIRAL, her engines, tackle, apparel, furniture, bunkers, etc., which are presently within the District. Accordingly, Lumar (Barcelona), S.A. is a non-resident with no duly appointed agent for service of process within this District or within Louisiana, entitling DMW to a Writ of Maritime

II.

At all times material hereto, Plaintiff, DMW, was and is a legal entity organized and existing pursuant to the laws of a foreign country.

III.

At all times material hereto, the M/V SEA ADMIRAL was and still is a vessel bearing Official No. 5682 and believed to be 173.51 meters in length overall, 15,893 gross tons, and within the territorial jurisdiction of this Honorable Court.

IV.

At all times material hereto, Defendant Lumar (Barcelona), S.A. was and is a corporation organized and existing under the laws of a foreign country and the beneficial owner of the M/V SEA ADMIRAL.

V.

At all times material hereto, the registered owner of the M/V SEA ADMIRAL was and is Creek Marine Ltd.

VI.

Defendant, Lumar (Barcelona), S.A., upon information and belief, cannot be found within the territorial jurisdiction of this Court, as contemplated by Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but said Defendant has goods and chattels within this District subject to seizure and attachment, namely the M/V SEA ADMIRAL, her engines, tackle, apparel, furniture, bunkers, etc., which are presently within the District. Accordingly, Lumar (Barcelona), S.A. is a non-resident with no duly appointed agent for service of process within this District or within Louisiana, entitling DMW to a Writ of Maritime

Attachment and/or Writ of Attachment, executable against Lumar (Barcelona), S.A.'s property within the state, including the M/V SEA ADMIRAL and all her appurtenances.

## RULE B ALLEGATIONS

### VII.

For purposes of DMW's Rule B allegations, DMW alleges that Lumar entered into a contract with DMW for repairs to the M/V STAR ADMIRAL, on the basis that Lumar was the beneficial owner of the STAR ADMIRAL. (See correspondence from Lumar, attached hereto as Exhibit "A").

### VIII.

DMW has not received payment for the above-referenced repair services to the M/V STAR ADMIRAL, which totals over $600,000, exclusive of interest, as can best be presently calculated.

### IX.

DMW relied upon the credit and assurances of Lumar (Barcelona), S.A., *in personam*, in entering into the aforementioned contract for repairs to the M/V STAR ADMIRAL, and in performing the repair services requested by Lumar, the vessel's beneficial owner.

### X.

The M/V STAR ADMIRAL, to which DMW provided the repairs, has now sunk and is a total loss.

### XI.

Lumar was and is at all times material hereto the beneficial owner of other vessels, including, but not limited, to, the M/V SEA ADMIRAL, a sister vessel to the M/V STAR

ADMIRAL. The registered owner of the SEA ADMIRAL, Creek Marine Ltd. has the same address as Lumar, namely, 12-14 Cinturo del Litoral, Barcelona, Spain.

XII.

Upon information and belief, DMW alleges that the officers and directors of the registered owner of the M/V STAR ADMIRAL, namely Grotto Marine Ltd., are identical to the officers and directors of the registered owner of the M/V SEA ADMIRAL. In addition, the registered owner of the STAR ADMIRAL, the SEA ADMIRAL and Lumar are located at the same address and share common directors. The STAR ADMIRAL and the SEA ADMIRAL were and are registered with the Malta Registry. Further, both vessels were entered into the Malta Registry on the same day, under three (3) different companies, and with three (3) consecutive registration numbers. (See Registration Documents, attached hereto as Exhibit "B," *in globo*). Finally, upon information and belief, DMW alleges that both vessels are subject to the same mortgage in the amount of $10,000,000 USD.

XIII.

DMW is, therefore, entitled to recover the full amount of its claim, together with interest and costs thereon, including attorneys' fees, from Defendant Lumar (Barcelona), S.A., *in personam*.

WHEREFORE, Plaintiff, Dieselmotorenwerk Rostock, prays that:

1   This Verified Complaint be deemed good and sufficient;

2   Process according to the rules and practices of this Court in causes of admiralty and maritime jurisdiction, particularly Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure, may issue against the M/V SEA ADMIRAL, her engines, tackle,

552563_1 DOC                                    4

boilers, equipment, appurtenances, etc. and other property aboard said vessel, within the territorial jurisdiction of this Honorable Court;

3   After due proceedings are had, the vessel be sold to fully satisfy the outstanding invoices of Dieselmotorenwerk Rostock, as set forth hereinabove; and

4   Plaintiff be granted all further relief as justice and equity may permit.

Respectfully submitted,

_____
Derek A. Walker, T.A. #13175
Daniel A. Tadros, #21906
Parker H. Labadie, #27538
**CHAFFE, McCALL, PHILLIPS
 TOLER & SARPY, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
**Attorneys for Dieselmotorenwerk Rostock**

**PLEASE SERVE:**

Lumar (Barcelona), S.A. through the Master of the M/V SEA ADMIRAL, presently lying at Alabo Street, New Orleans, Mississippi River, Louisiana.

552563_1.DOC                                              5

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**