

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JUN 24 P 4: 50

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DIESELMOTORENWERK ROSTOCK** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 02-867** |
| | * | |
| **LUMAR (BARCELONA), S.A.,** | * | **SECTION "F"** |
| *in personam* | * | **MARTIN L.C. FELDMAN** |
| | * | **DIVISION 2** |
| | * | **JOSEPH C. WILKINSON, JR.** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ANSWER

NOW INTO COURT, through undersigned counsel, comes Lumar (Barcelona) S.A. ("Lumar"), who makes a restricted appearance pursuant to Rule E(8) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and answers the Verified Complaint of plaintiff, Dieselmotorenwerk Rostock, as follows:

### FIRST DEFENSE

The Complaint fails to state a claim, right, or cause of action against Lumar upon which relief can be granted.

___ Fee ___
___ Process ___
 X   Dktd ___
___ CtRmDep ___
___ Doc.No. ___

## SECOND DEFENSE

This Court lacks subject matter jurisdiction of the claims against Lumar.

## THIRD DEFENSE

This Court lacks personal jurisdiction over Lumar.

## FOURTH DEFENSE

And now further answering the allegations contained in the Complaint, should further answer be deemed necessary, Lumar avers that:

I.

Lumar denies the allegations contained in Paragraph I of the Complaint.

II.

Lumar denies the allegations contained in Paragraph II of the Complaint for lack of information sufficient to justify a belief as to the truth thereof.

III.

Lumar denies the allegations contained in Paragraph III of the Complaint for lack of information sufficient to justify a belief as to the truth thereof.

IV.

The allegations contained in Paragraph IV of the Complaint are denied, except to admit that Lumar is a corporation organized and existing under the laws of a foreign country.

V.

Lumar denies the allegations contained in Paragraph V of the Complaint, except to admit that Creek Marine Ltd. is the current registered owner of the M/V SEA ADMIRAL.

VI.

Except to admit that Lumar cannot be found within the territorial jurisdiction of this Court, the allegations contained in Paragraph VI of the Complaint are denied.

VII.

Lumar denies the allegations contained in Paragraph VII of the Complaint.

VIII.

Lumar denies the allegations contained in Paragraph VIII of the Complaint for lack of information sufficient to justify a belief as to the truth thereof.

IX.

Lumar denies the allegations contained in Paragraph IX of the Complaint.

X.

Lumar admits the allegations contained in Paragraph X of the Complaint.

XI.

Except to admit that the current registered owner of the M/V SEA ADMIRAL is Creek Marine Ltd., the allegations contained in Paragraph XI of the Complaint are denied.

XII.

Lumar denies the allegations contained in Paragraph XII of the Complaint for lack of information sufficient to justify a belief as to the truth thereof.

XIII.

Lumar denies the allegations contained in Paragraph XIII of the Complaint.

## FIFTH DEFENSE

The Complaint is barred by laches and/or the applicable limitations for filing suit, whether statutory or contractual.

WHEREFORE, Lumar (Barcelona) S.A., sought to be made defendant herein, prays that this, its Answer and defenses, be deemed good and sufficient and that after due proceedings be had, there be judgment in favor of defendant, dismissing the Complaint at plaintiff's cost, and for all general and equitable relief.

Respectfully submitted,

THOMAS H. KINGSMILL, III, T.A. (#7406)
DELOS E. FLINT, JR. (#5616)
DANIEL LICHTL (#26385)
FOWLER, RODRIGUEZ, KINGSMILL,
FLINT, GRAY & CHALOS, L.L.P.
36th Floor, 201 St. Charles Avenue
New Orleans, Louisiana 70170
Telephone: (504) 523-2600
Attorneys for Lumar (Barcelona) S.A.

## CERTIFICATE OF SERVICE

I hereby certify that I have on the 24 day of June, 2002, served a copy of the above and foregoing pleading on counsel for all parties to this proceeding, by placing a copy of same in the United States Mail, properly addressed and first class postage prepaid.